Good morning, your honors. I'm Edward Suman. I'm appearing for the appellant Ronald B. Baccei. Our position is that when the CPA, Dean Bagley, filed the form 4768 and he attached the letter entitled Request for Extension of Time to File and Pay U.S. Estate Tax Returns, that he substantially complied with the regulatory requirements. We believe that... Counsel, if the issue were substantial compliance, it would apply if we were dealing strictly with a procedural issue. Isn't that the distinction the law makes? If we find that the information requested in 4768 is substantive in nature, then substantial compliance doesn't get you there, does it? That's true, your honor. And isn't the problem, the crux of the problem here is Part 3 of Form 4768 on ER 23 contains absolutely no information whatsoever. It doesn't even check a box to say that, you know, we can't determine what's due, nor does it indicate how much time is requested in order to make the payment. And there's no reference to any attachment that conforms with the regulations to permit the service to evaluate the request. Isn't that what the district... The form, your honor, does refer to the attachment, and the language of the form does state that the attachments are under penalty of perjury. And we don't have that here, do we? We don't have a document that was filed under penalty of perjury. We have a letter from Mr. Bagley that makes some representations to the IRS, but that's all we've got, isn't it? Your honor, it's incorporated by reference. But now you're, aren't you back to your substantial compliance argument? And the problem I'm having is if I find that this is substantive in nature, then substantial compliance isn't good enough. You basically have to dot your I's and cross your T's. That's correct on that theory. However, if the matter was substantive that that form be completed properly, then you, in effect, have Mr. Bagley giving substantive advice upon which my client, Mr. Bache, was entitled to rely. What substantive advice? The law says that the estate tax return is due nine months. And if you want an extension, you've got to give an explanation from which the service can make an intelligent decision as to whether or not an extension is warranted and for what length of time. And you didn't give them all the, or Mr. Bagley didn't give them all the information that the service needed, did he? He did by implication, Your Honor, because he did say we are requesting this extension, which by reasonable inference refers to the six months required for the time to file. Well, why couldn't he check or put that information in the box under 4768, saying I need six more months? I agree that it should have been done. However, Your Honor, we submit that an oversight should not be attributed to Mr. Bache under the ---- An oversight in failing to read the regulations under the Internal Revenue Code? The oversight was by his CPA upon whom he could reasonably rely. Well, the Supreme Court has said that the duty to make the timely payment is a duty that is non-delegable from the personal representative. So unless you can convince us that this is somehow in the nature of legal advice as to when the tax is due to be paid, then I don't think he can point to Mr. Bagley and say it's his fault that I didn't file on time or didn't pay on time. Your Honor, the evaluation of whether the form complies with the internal revenue regulations is a matter which requires consideration by a professional, and that was done in this case. The cases cited by the government referred to the indelible duty to file a return. This was not a matter of filing. This was a matter of determining whether the form was proper in its content. And that is not something, Your Honor, that the normal taxpayer is going to question his CPA on. Well, the taxpayer knows that he's got to file the return and make the payment nine months following date of death. And why can't a taxpayer, when he asks for an extension of that time, explain to the Internal Revenue Service why he can't make the payment? Mr. Bagley did make an explanation, which was not a complete explanation, but he did make an explanation. Well, frankly, the explanation leaves me with more questions than answers. I don't understand, for example, in the letter he says that the letters of testamentary were issued in the middle of May, and the letter of this form was filed in the middle of June, and the bank wouldn't honor the letters of testamentary to give them access to the money. Is that the situation? That was part of the situation. Frankly, the primary problem was that there were several parcels of real estate that had not been sold. But there's no mention of that in Mr. Bagley's letter. That is correct, Your Honor. We concede that there was not a full explanation. Nor was there any explanation as to how much money there was in the bank account, why he couldn't make a partial payment or propose a schedule of payments. I concede, Your Honor, that there were omissions. However, the reason given by the IRS for imposing the penalty was the failure to request an extension of time to pay. That is a very narrow issue. The fact is that Mr. Bagley did send on this page 2 a document entitled a request for extension of time to pay the tax. For how long? He did not so specify, Your Honor, but the maximum would be 12 months. So is the IRS supposed to guess as to how long he needs to pay? How are they supposed to determine what's being requested of them? I believe, Your Honor, that the IRS was obligated to reply to this correspondence. I believe that when a taxpayer sends in a request, if the IRS considers it to be defective, it is duty-bound to respond. But you agree, don't you, that he didn't properly fill out the form making the request? Yes, Your Honor. So what were they supposed to respond to? There was no request. The letter was a request, but the letter was an addendum to the request. And the letter was entitled that it was a request for an extension of time to file the return and to pay the tax. So that did go to the IRS, and there's no dispute in that respect. But the problem is, as I understand it, in order to avoid having to pay the penalty, he's got to do more. He's got to give some minimal amount of information from which the service can make an intelligent decision as to whether or not it's a reasonable request. And all he's saying is, I gave my letters testamentary to the bank, and the bank won't honor them. Well, how long does it take to go and get a court order from the probate court directing an order show cause to Wells Fargo, saying either abide by my letters testamentary or I'm going to jail the branch manager? Again, Your Honor, we are conceding that the information provided to the Internal Revenue Service was inadequate. We are contending, however, that the IRS was apprised that this was a request for an extension of time to pay, and that there was certain information provided. It was inadequate, but that was not the reason that the IRS gave for imposing the penalty. But the burden under the statute and regulations, the burden is on the taxpayer to show reasonable cause for the extension, right? And at this point, there isn't any way to determine whether the request is even reasonable, because all he's saying is, I served my letters testamentary on the bank, and they won't honor him. But, Your Honor, shouldn't the IRS have come back and say, your request is defective, please provide further information, instead of just waiting and then imposing the penalty? Well, I mean, the problem is, the way it's presented to us procedurally, the regulations say now that the obligation is on him to show reasonable cause in absence of willful neglect, and I guess I'm still having the same problem. Your Honor, even if Your Honors find that there was noncompliance with the requirement to request an extension of time to pay, under CFR 70.96, if the taxpayer establishes good cause and reasonable actions under the circumstances, then the penalty will be excused. And I suggest that because Mr. Barchet paid all monies, including interest, within the extension of time to file that was requested, that this shows that the penalty should not be imposed. And the law provides for a review of actions in totality of the taxpayer, and Mr. Barchet paid everything. There was no willful disregard of the law in any respect. Okay. Counsel, do you want to save some time for rebuttal? May it please the Court, my name is Carol Barthel, and I represent the government in this matter. The district court correctly held that the late payment penalty was properly imposed because Mr. Barchet did not obtain an extension and he did not pay on time. The statute says that the IRS may extend the time for a reasonable period if an examination of all the facts and circumstances shows reasonable cause. The regulations state that the application for such an extension shall be in writing, shall state the period for an extension, shall be made under penalty of perjury, and shall state reasonable cause. The instructions for the proper form say that the applicant must state why it's impossible or impractical to pay the full amount when due, and that an extension will be granted only for the amount of the cash shortage which must be shown, as well as a proposed payment plan. As counsel indicated, Mr. Barchet's form 4768 did not request an extension of time for a particular period to pay. That section was left completely blank. It presented no cash shortage. In fact, it represented that there was no cash shortage and indicated that the full payment would be enclosed. It's only in what appears to be a cover letter that there is an indication that there is also a request to pay, for an extension of time to pay. But didn't that put the IRS on notice that that's an issue? The IRS was presented with the right form, but that indicated a request for an extension to file the return, but indicated that no request for an extension of time was to pay. I know the form didn't, but the cover letter did. At most, we have possible neglect. It would have been nice if they'd responded. But this cannot possibly work in estoppel on the government. There is no indication of active misbehavior on the government's part that could work in estoppel. There's no indication that the government actually realized that this, together, was supposed to constitute a request to pay. It didn't come close to fulfilling the regulatory requirements. Doesn't the IRS receive correspondence that routinely requires you to follow up and make sure you're understanding what's being asked of you? The government, the IRS, as you might imagine, receives a great deal of correspondence. It may simply not have noticed that this was part of the form. The form was what had been presented to process. At most, this would be neglected, certainly would not be willful misbehaviors that could work in estoppel. And as the Court has suggested, this could be a substantial compliance with the regulatory requirements, only if the regulatory requirements were procedural, rather than going to the heart of the statutory purpose, the essential statutory purpose, as they were. There's no way that the IRS could examine, which is the statute's word, whether a reasonable cause existed for an extension of time for payment. If there was no sufficient explanation of why he couldn't pay on time, how much time was requested, the point at which he would be able to pay on time, what his particular financial circumstances were, how much money he had, whether he could borrow against the assets, whether he could liquidate them. And none of this was provided. There was absolutely no basis upon which the IRS could determine reasonable cause for an extension of whatever period was requested, which it wasn't. Mr. Bache has suggested that he did not act willfully and the government was not prejudiced because he did eventually pay and with interest. But this argument would render both the extension statute and the late payment penalty statute completely dead letters. As long as the taxpayer eventually paid, then neither of these things would apply. It would be the taxpayer who would decide whether he had reasonable cause to pay, and not the IRS. And as the Supreme Court said in Boyle, prompt payment of taxes is an imperative for the government and the penalty provisions further this imperative. It was for the IRS to decide whether an extension was warranted and not for Mr. Bache to make that decision without the benefit of providing the IRS with necessary information. Mr. Bache argued that he showed reasonable cause for his failure to timely pay so that there shouldn't have been a refund because of his reliance on his CPA, Mr. Bagley. This issue is entirely governed by the Supreme Court's decision in Boyle. Holding that reliance on a professional timely to file a return does not constitute reasonable cause under section 6651, which is the statute here. Boyle does not reach the issue of a taxpayer who's under a disability, expressly reserves that. But there's no argument here that Mr. Bache was under a disability. In fact, he had been actively taking care of his aunt's affairs before her death, and he was active in administering the state after her death. Simply being a layman does not excuse late payment if your argument is that you relied on a professional to perform what is the duty of an agent, rather than relying on him for tax advice. And there's no indication of reliance on tax advice here. Mr. Bache said he authorized Mr. Bagley to prepare the forms and returns, which is delegating a responsibility to an agent. The reply brief by Mr. Bache indicates a number of pre-Boyle cases, to the extent that they are contrary to Boyle. Boyle, of course, overrules those cases. Boyle applies not only to returns, but also to extension requests, as Fleming, McMahon, and Denenberg indicate, and also to payment of taxes, as this Court's decisions in Van Kampen and Benion and the Conklin brothers' cases indicate. There was no application for an extension of time that provided information from which the IRS could determine that such a request was reasonable, nor did Mr. Bache show reasonable cause afterwards for his failure to timely pay, so as to justify a refund of the penalty. When a request for an extension for payment is properly made, is there any sort of confirmation that the IRS sends saying, you know, fine, or any follow-up, we need more information? I believe both parties' briefs indicate that under the regulations, the IRS is supposed, within 30 days if possible, to grant the extension, to deny the extension, or to request further development of the case. So, in other words, absence of some response to the request would be an answer as to whether or not one had properly made a request? It could well be considered such. I would say so, yes. Did the IRS submit any notice granting the motion to file, but not failing to acknowledge that there was an extension of the time to pay? According to the evidence in the record, Mr. Bache said he didn't hear anything until after he paid the tax. Did the IRS provide any evidence that they had granted the motion to file, the motion to extend the time to file? No. There's nothing in the record indicating that there was any response. That's automatic. The six-month extension for filing a return is automatic. It's automatic, so you don't have to have any kind of an acknowledgment of a grant here. I don't believe so, Your Honor. But the extension for time to pay can be anywhere up to 12 months, depending upon the situation at issue. Precisely. Which is why it would generate a response from the IRS. Right, within 30 days the IRS should... Either we need more information or this is a... Is granted or denied. And if it's denied, there's an appeal process. If the Court has no further questions? I think not. Thank you very much. Thank you. Mr. Suman, you've got two and a half minutes left. If it had been denied, he could have exercised his appeal process, but he didn't hear anything. So that renders the appeals process inoperable. But doesn't the absence of a response indicate that there might be a problem? It could, but it could also operate as an acquiescence in the request. I think a taxpayer would expect that he was entitled to a response and absent a response that there may not be a problem. I would also refer to footnote one to U.S. v. Boyle, which we've cited in our briefs and referred to. It provides eight reasons that the IRS considers reasonable cause for late filing, one of those being failure of the IRS to furnish the taxpayer with the necessary forms in a timely fashion. So I suggest that the IRS should have provided some type of form or some type of guidance in recognition of this request. Well, isn't that what Form 4768 and the instructions that go with it do? Yes, Your Honor, Form 4768. I mean, it's kind of a circular argument here. He had the form. He just didn't do what the form told him he had to do in order to get the extension. So you're suggesting that there should be another form? If you fail to fill out Form 4768 correctly, fill out Form 4768B? Yes, Your Honor, because their instructions do provide that there should be separate forms filed for a request for extension of time to file the return and an extension of time to request payment. But the form consolidates both in one, right? It has a separate section. It does. But as I understand their instructions, there is supposed to be a separate form filed for each request. I would also point out under CFR 70.96 that a taxpayer will be considered to have exercised ordinary business care and prudence if he made reasonable efforts to conserve sufficient assets in marketable form to satisfy a tax liability but was unable to pay the form when it came due. And also the Internal Revenue Service acknowledges that the reasonable cause is to be determined as of the due date of the tax, but subsequent events may be relevant to show whether the taxpayer used ordinary care and prudence to pay the tax on time. And that acknowledgment is on page 58 of the defendant's brief. So I suggest to Your Honors, when the totality of these circumstances are examined, it shows that Mr. Boschee did everything within his power to see that these taxes were promptly paid and that any error by his CPA is justified because he is not responsible for the content of the request for an extension of time to pay. He's only responsible for the timeliness and the ---- Counsel, your time has expired. Very well. You're a minute and a half over. Thank you, Your Honor. Thank you. The case just argued is submitted and we'll get you an answer as soon as we can. That concludes the Court's calendar for this morning. We're adjourned until tomorrow morning.
judges: Burgess, Tallman, Bybee